TORRUELLAS, PLAINTIFF AND APPELLEE, *v.* FERRER, DEFENDANT (COLÓN, ADMINISTRATOR, APPELLANT).

APPEAL from the District Court of Ponce in a Proceeding for the Approval of Accounts of an Administrator in an Action of Debt.

No. 1624.—Decided November 30, 1917.

ADMINISTRATION—APPROVAL OF ACCOUNTS—REFEREE.—When in a proceeding for the approval of accounts of an administrator the court appoints a referee, not to decide the whole issue according to section 210 of the Code of Civil Procedure, but to inquire into the facts and report thereon with his recom-

mendations, and the administrator takes no exception to the report of the referee who, although he found, among other things, the balance of the amount claimed according to the substituted copies of the accounts rendered, declined to consider the question of approval or disapproval of said accounts, and said administrator tacitly acquiesces ·by moving for judgment, it cannot be held that the court lacked authority to render judgment refusing to approve the accounts.

ID.—ID.—PRESUMPTION—OBJECTION—LACHES.—An administrator of attached real property who has slept on his rights for more than thirteen years since the abandonment by the plaintiff of the suit and the filing of the accounts and vouchers of the administration and after these had been lost, cannot relieve himself from the natural consequences of his own gross laches by a simple motion for the approval of his accounts based solely and exclusively on the theory of a technial presumption in his favor flowing from the failure of the plaintiff in the ancient action to make timely objection to said accounts. *Vigilantibus et non dormientibus jura subveniunt.*

The facts are stated in the opinion.

*Mr. Juan Hernández López* for .the appellant.

*Mr. Francisco Parra* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In 1895 in a suit brought against the Succession of Carlos Pages y Maristani for the recovery of 8,000 *pesos*, Ovidio Colón was named judicial administrator of certain attached real estate.

In 1900 Colón was required to present his accounts, which he did, showing, in addition to other indebtedness, a balance in his favor of something over 5,500 *pesos*. The court ordered the. accounts filed and the attorney for plaintiff was notified.

In 1901 plaintiff was permitted on motion to dismiss the suit and the attachment was raised.

Apparently no further step was taken by any of the parties concerned until 1914 when Colón filed a motion setting forth the facts and praying for such order as the court might deem just and proper in the premises.

The court, under authority of section 205 of the Code of Civil Procedure, entered the following order:

"The court, after hearing in public session the motion and the objections against same argued by attorney Parra Capó representing Asunción Torruella Rivera, and after duly considering the briefs of both parties, regarding the preliminary question as to whether or not the right to move for approval of accounts of the judicial administrator is barred, rules that in this case sections 410 and 419 of the Spanish Law of Civil Procedure regarding the abandonment and extinction of actions, do not apply, and, therefore, that Ovidio Colón Zayas, the judicial administrator herein, is entitled to move for final settlement of his accounts as such administrator in this action. At the same time, and in order to be able to decide the motion on its merits, the examination of a long account being, as it is, involved herein, it being necessary to know the final liquidation in order to decide upon its approval or disapproval; and due to the excessive amount of work in the current matters of this court which have made it impossible for the judge of this court personally to study said accounts in order to decide the matter, the court firmly believes that it is proper in this case to appoint a referee to examine said accounts, make the liquidation thereof, afterwards filing with the court a report in order that this court may determine the question of approval of said accounts. Therefore, in accordance with the second paragraph of section 205 of the Code of Civil Procedure, the court hereby orders a reference of the matter for the purpose above mentioned, and further orders that the interested parties, or their attorneys, be notified of this ruling, requiring them, should they see fit, to propose to the court the name or names of someone or several persons from which to select a referee for the settlement and liquidation of said accounts. Such referee upon being appointed, shall take an oath for the faithful and true performance of his duties and afterwards the secretary of this court shall deliver to him all accounts, papers and documents related thereto, of record or which may be found in the archives of the court; said referee having the power to hear the parties, if it be necessary, for the better liquidation of such accounts, and it being his duty to present his decision in writing to the court within twenty days after arriving at a liquidation of said accounts, with the corresponding report."

The report of the referee contains 18 specific findings of fact and the following conclusions of law:

"1st. The authenticity of the copy of the general accounts admitted to substitute, first, the last portion of partial account, and,

second, the original general account also lost, has been shown under section 87 of the Law of Evidence, by an affidavit from the administrator Ovidio Colón Zayas, who had charge of and ordered the preparation of said acounts.   2nd. The admissibility of said copy for both above-mentioned objects of substitution is based on section 344 of the Code of Civil Procedure.   3rd. The attorney for Juan Estapé and Asunción Torruella alleged before the referee as shown by 'Exhibit No. One,' (*a*) that the referee should not consider the existing accounts until Colón shall have complied with the order of the judge as to the filing of complete accounts with all the necessary vouchers;   (*b*) that even considering the existing accounts, the referee should not take any action upon them until the same be completed;   (*c*) that any accounts unaccompanied by the corresponding vouchers should not be approved, and the record contains no such vouchers for the documents alleged to be such are not vouchers.   The first two grounds of opposition have been overruled by reason of the twelfth finding of this report.   The third ground has been overruled because the approval of the accounts is not within the power of the referee. And as to the sufficiency of the existing vouchers, in view of the affidavits marked exhibits Nos. 2, 3 and 4, the referee believes them sufficient, section 7 of the Civil Code being applicable.''

In the twelfth finding referred to as a basis for overruling the first two grounds of opposition set forth in "Exhibit No. 1'' the referee says:

''12th. Neither these general accounts nor the vouchers can be found in the record, but considering the foregoing official recitals and lack of evidence to the contrary, the referee arrives at the conclusion that said final accounts were filed with the vouchers and that they have been lost.''

The present appeal is from an order of the court refusing to approve the accounts, reading in part as follows:

''The court, after a careful study of this case, all antecedents thereof that could be found, and all the proceedings had herein, is of the opinion that there are not vouchers sufficient to warrant the court rendering judgment approving the accounts as requested by the petitioner Ovidio Colón Zayas, for want of presentation to the consideration either of the referee or of this court, of all vouchers, books of accounts and other documents, books or papers in which

the progress of the administration might have been noted; wherefore the court finally decides as follows: That it should not and therefore does not approve the said accounts presented by the administrator Ovidio Colón Zayas, the parties being left at liberty to exercise their rights, if any they have, in the proper time, manner, way and court."

Error is assigned as follows:

"The ruling of the court is contradictory and inconsistent and does not relate nor conform to the findings of fact and conclusions of law embodied in the referee's report or decision, and in this respect the order appealed from violates the provisions of Chapter IV, Title IX of our Code of Civil Procedure and especially sections 205, 206, 209, 210 and 211 of said Code of Civil Procedure.

"The district court erred in the order appealed from in not duly applying the provisions of the Spanish Law of Civil Procedure, applicable to this case and in force in Cuba and Porto Rico by the approval of a Royal Decree of 1885."

The argument of appellant as to the first alleged error is based primarily upon section 210 of the Code of Civil Procedure, which provides that "The finding of the referee upon the whole issue must stand as the finding of the court, and upon filing the findings with the secretary of the court, judgment may be entered thereon in the same manner as if the action had been tried by the court," and entirely overlooks the fact that herein there was no reference of the whole issue. While the order of reference contains some rather loose expressions which might have left room for argument in this regard, yet, taken as a whole, it shows quite plainly that the idea in the mind of the judge was an investigation of the facts and an advisory report. The referee so construed it, found among other things the balance of the amount due appellant according to the substituted copies of the accounts rendered in 1900 and expressly declined to consider the question of approval or disapproval. Appellant took no exception whatever to this ruling, but tacitly acquiesced therein by applying to the court for judgment. The ruling

of the court does not question the authenticity or the admissibility of the substituted copies of the lost accounts, nor the finding of the referee as to the amount of the balance resulting in favor of appellant on the face of such copies. It is true that the referee expresses a bald opinion as to the sufficiency of certain affidavits in lieu of lost vouchers, but he does so by way of *obiter,* immediately after declining for want of authority to consider the merits of the only question in the case that might turn upon this point. The district court in the light of the facts found and conclusions of law submitted by the referee simply ruled upon the merits of the issue, the decision of which had been plainly reserved in the order of reference and carefully avoided by the referee who clearly understood the scope of his authority. In the circumstances, the contention of appellant that the court had no power to do this cannot be sustained.

Under the second assignment it is urged that the two fundamental principles underlying articles 1012 to 1014, inclusive, of the Spanish Code of Civil Procedure, are, first, that if no objection is made to the accounts, the same should be approved, and, second, that if timely objection be made the same should be disposed of according to the procedure for incidental issues. The articles relied upon read as follows:

"Art. 1012.—All the accounts of the administrator, including the final one, when he ceases to discharge his duties, shall be subject to examination by all parties for a period common for all, to be fixed by the judge according to the amount involved in said accounts.

"Art. 1013.—After said period has elapsed without any objection having been made to the accounts, or after any objections made thereto have been overruled, the judge shall render a decision approving said accounts and declaring the administrator free from liability. In the same decision the judge shall cancel the mortgage security which the administrator may have executed, or shall order the return of the bond he may have furnished.

"Art. 1014.—If the accounts should be impugned at the proper time, said objections shall be heard and determined before the administrator (*cuentadante*), according to the procedure prescribed for incidental issues.

"From the ruling terminating this issue an appeal may be taken both for review and a stay of proceedings. From that rendered by the *audiencia* an appeal for annulment of judgment lies."

Whether prescription has run against the right of the administrator to proceed by motion, as suggested by appellee, or whether, as argued by appellant, the debts owing to a judicial administrator of attached real estate incurred by him during such administration are a part of the costs of the action dismissed at cost of plaintiff, and as such not subject to the statutory bar—whether the "proper time" for interposing objection be a reasonable time or an indefinite period, whether it begins to run from the date of filing the final accounts and notice thereof, or from the date of an order entered by the judge fixing "a period common for all" (an order never made nor requested herein)—we are not disposed to hold that appellant herein after having slept upon his rights, if any he ever had, for more than 13 years since the abandonment of the suit in which he was appointed, and after both the accounts filed by him prior to such abandonment and the vouchers alleged to have supported the same have been lost, can relieve himself from the natural consequences of his own gross laches by a simple motion for approval based solely and exclusively upon the theory of a technical presumption in his favor flowing from the failure of the plaintiff in such ancient action to make timely objection to said accounts. *Vigilantibus et non dormientibus jura subveniunt.*

The judgment appealed from must be

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Aldrey absent.